# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEAN H. BERINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-1412 NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Dean Beringer's application for supplemental security income under the Social Security Act, 42 U.S.C. § 416 *et seq.* Beringer alleged disability due to depression, inability to focus, bulging discs, arthritis in spine, inability to stand more than thirty minutes, inability to sit more than fifteen minutes, chronic bronchitis, asthma, and chronic pain. (Tr. 190.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] For the reasons set forth below, the Court will reverse and remand the Commissioner's final decision.

**I.    Background**

On June 7, 2011, Beringer applied for supplemental security income, alleging disability since September 9, 2010. (Tr. 159-67.) The Social Security Administration ("SSA") denied Beringer's claim and he filed a timely request for hearing before an administrative law judge ("ALJ"). (Tr. 98-99, 110-112.) The SSA granted Beringer's request for review and an administrative hearing was held on February 25, 2013. (Tr. 43-70.) Beringer, represented by

counsel, testified at the hearing. (Tr. 49-70.) On March 4, 2014, the ALJ found that Beringer was not disabled as defined in the Society Security Act. (Tr. 14-36.) Beringer requested a review of the ALJ's decision from the Appeals Council. (Tr. 10.) On July 17, 2015, the Appeals Council of the Social Security Administration denied Beringer's request for review. (Tr. 1-4.) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Beringer filed this appeal on September 14, 2015. [Doc 1.] The Commissioner filed an Answer and the certified Administrative Transcript on November 16, 2015. [Docs. 11, 12.] Beringer filed a Brief in Support of the Complaint on January 20, 2016. [Doc. 15.] The Commissioner filed a Brief in Support of the Answer on April 20, 2016. [Doc. 21.] Beringer then filed a Reply Brief on May 3, 2016. [Doc. 22.] Beringer filed a Notice of Supplemental Authority on September 1, 2016. [Doc. 24.]

## II. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets

or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity (RFC) to perform past relevant work. 20 C.F.R. § 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 416.920(a)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To

determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

### III. Discussion

Beringer presents one issue for review. Beringer asserts that the ALJ erred at step five by relying upon the VE's testimony about certain functional limitations that are not addressed in the Dictionary of Occupational Title[1] (DOT) and the VE offered no reasonable explanation for her testimony. Therefore, Beringer contends that the ALJ's determination of disability is not supported by substantial evidence. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

---

[1] The Dictionary of Occupational Titles ("DOT") is a guide from the United States Department of Labor regarding job ability levels that has been approved for use in Social Security cases. *See Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998) (citing 20 C.F.R. § 404.1566(d)(1)); *Porch v. Chater,* 115 F.3d 567, 571 (8th Cir.1997)). "The DOT is the Commissioner's primary source of reliable job information. The Commissioner uses the DOT to classify occupations as skilled, semiskilled or unskilled." *Fines*, 149 F.3d at 895 (internal citations omitted).

### A. Vocational Expert Testimony

In this case, the ALJ submitted four sets of written interrogatories to a vocational expert (VE). In the first two interrogatories, the ALJ asked the VE to identify Beringer's past relevant work. (Tr. 266, 286.) The VE identified Beringer's past relevant work as a furniture mover/delivery and shift manager/sales/delivery. (Tr. 273-74, 286-87.) In the first interrogatory, the ALJ then asked the VE to assume the following hypothetical:

> Assume a hypothetical individual who was born on September 29, 1970, has at least a high school education and is able to communicate in English as defined in 20 CFR 404.1564 and 416.964, and has work experience as described in your response to question #6. Assume further that this individual has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is unable to climb ladders, ropes, or scaffolds, kneel, crouch or crawl but he can occasionally climb ramps or stairs and stoop. He requires a sit/stand option every 15 minutes throughout the eight-hour workday while remaining on task. He is to avoid concentrated exposure to extreme vibration and all operational control of moving machinery, working at unprotected heights, and the use of hazardous machinery. Furthermore, he is limited to work that involves only simple, routine, and repetitive tasks. In a low stress job defined as requiring only occasional decision making and only occasional changes in the work setting with only occasional interaction with the public with co-workers. He is limited to occupations where contact with supervisors concerning work duties (when work duties are being performed satisfactorily) occurring no more than four times per workday.

(Tr. 267). The VE opined that the hypothetical individual would not be able to perform any of Beringer's past relevant work. (Tr. 274.) The VE also opined that the hypothetical individual would be unable to work in any other unskilled occupations with jobs that exist in the local and national economies. (Tr. 268, 274.)

The ALJ then sent the ALJ a second interrogatory with a hypothetical that stated as follows:

> Assume a hypothetical individual who was born on September 29, 1970, has at least a high school education and is able to communicate in English as defined in 20 CFR 404.1564 and 416.964, and has work experience as described in your response to question #6. Assume further that this individual has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following additional limitations: he can occasionally stoop and climb ramps or stairs; cannot climb ropes, ladders, or scaffolds; must avoid concentrated exposure to extreme vibration and all operational control of moving machinery, working at unprotected heights, and use of hazardous machinery; is limited to performing work that involves only simple, routine, and repetitive tasks in a low-stress job, defined as one requiring only occasional decision-making and only occasional changes in the work setting; and is limited to performing occupations that require no more than occasional contact with supervisors, coworkers, and the public.

(Tr. 282.) Again, the VE opined that the hypothetical individual would be unable to perform Beringer's past relevant work, but she opined he would be able to perform work as a garment sorter, electrical assembler, or merchandise marker. (Tr. 287.)

The ALJ then sent the VE a third interrogatory. (Tr. 300-301.) The third interrogatory asked the VE to assume the facts in the second hypothetical with the additional limitation that the hypothetical individual would be off task more than 10% of the time with a corresponding deficiency in productivity of no more than 10%. (Tr. 300-301.) The VE responded that the hypothetical individual would not be able to perform Beringer's past relevant work. (Tr. 304.) The VE responded that the hypothetical individual would be able to work as a garment sorter, electrical assembler, or merchandise marker being off task more than 10% of the time. (Tr. 304.)

6

The ALJ then sent the VE a fourth interrogatory. (Tr. 316-21.) The fourth interrogatory asked the VE to assume the facts in the second hypothetical with the additional limitation that the hypothetical individual would be off task 10% to 25% of the time in addition to regularly scheduled breaks. (Tr. 316-21.) The VE responded that the hypothetical individual would be able to work as a garment sorter, electrical assembler, or merchandise marker being off task 10% or 15% of time. (Tr. 324-25.) The VE opined, however, that if the hypothetical individual was off task 20% or 25% of the time, the hypothetical individual would not be able to perform in any unskilled occupations in the local and national economy. (Tr. 325.) In each of the four interrogatory responses, when asked whether there were any conflicts between the occupational evidence she provided and the DOT and/or SCO, the VE responded, "No, there are no conflicts between the occupational evidence that I have provided in reference to [the questions] and the occupational information contained the Dictionary of Occupational Titles and/or SCO." (Tr. 274, 280, 325.)

The ALJ found that Beringer had the RFC to perform light work with the following additional limitations: (1) occasionally stoop and climb ramps or stairs; (2) cannot climb ropes, ladders, or scaffolds; (3) must avoid concentrated exposure to extreme vibration and all operational control of moving machinery, working at unprotected heights, and use of hazardous machinery; (4) limited to performing simple, routine, and repetitive tasks in a low-stress job, defined as one requiring only occasional decision-making and occasional changes in the work setting; and (5) no more than occasional contact with supervisors, coworkers, and the public. (Tr. 23.) The ALJ determined that based on the RFC, Beringer would be unable to perform his past relevant work, but he was able to perform jobs in the local and national economy as a garment sorter, electrical assembler, and merchandise marker. (Tr. 35.)

### B. Legal Standard regarding Vocational Testimony

"The testimony of a vocational expert is required when a claimant has satisfied his initial burden of showing that he is incapable of performing his past relevant work." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). The testimony of a VE should be consistent with the DOT. *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 at *2 (December 4, 2000). Evidence from a VE can include information not listed in the DOT. SSR 00-4p at *2. This is because the DOT lists "maximum requirements of occupations" and "not the range of requirements" at any particular job or place. *Id.* at *3. A VE may be able to provide more specific information about jobs or occupations than the DOT. SSR 00-40 at *3. The Social Security Administration has taken administrative notice of the following publications: the DOT, the County Business Patterns, Census Reports, Occupational analyses prepared for the Social Security Administration by various State employment agencies; and the Occupational Outlook Handbook. 20 C.F.R. § 416.966(d).

"A VE must offer an explanation for any inconsistencies between her testimony and the DOT, which the ALJ may accept as reasonable after evaluation." *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014) (citing *Welsch v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014)). First, the ALJ must ask about any possible conflict with the DOT. *Id.* at 989. If there is an apparent unresolved conflict between the VE testimony and the DOT, the ALJ must elicit a reasonable explanation for the conflict and resolve the conflict by determining if the explanation given by the VE provides a basis for relying on the VE testimony rather than the DOT information. *Id.* at 989-90 (citing SSR 00-4p at 2-4). "Absent adequate rebuttal, however, the VE testimony that conflicts with the DOT does not constitute substantial evidence upon which the Commissioner

may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform." *Id.* at 990.

    **C.**    **Analysis**

Beringer contends that the VE's testimony cannot be relied upon, because the VE responded to a hypothetical question regarding functional limitations involving stress level, frequency of decision-making, frequency of changes in work setting, and frequency of contact with supervisors. Because those aspects of the jobs are not described by the DOT, The Selected Characteristics of Occupations (SCO)[2], or the other publications of which the Commissioner has taken administrative notice and the VE did not reveal the source of her opinion regarding those limitations, her testimony cannot constitute substantial evidence. The Commissioner responds that there is no actual or apparent conflict between the VE's testimony and the relevant DOT job descriptions. The Commissioner states that Beringer has only identified information that is outside the scope of the DOT.

Based on the foregoing, the Court finds that this action should be reversed and remanded to the Commissioner for further proceedings. The ALJ's finding that the Commissioner met its burden at step five to prove that there were jobs that Beringer could perform in the national economy is not supported by substantial evidence. The Commissioner is correct that the functional limitations highlighted by Beringer are outside the scope of the DOT. Therefore, if the VE identifies jobs that the hypothetical individual can perform including the limitations not addressed by the DOT, then the VE must state the basis for his or her knowledge that the jobs identified could be performed by the hypothetical individual. In situations where some functional limitations are not addressed by the DOT or SCO, the VE will support her opinion based on her education and vocational experience. For example, VEs regularly testify regarding

---

[2] The Selected Characteristics of Occupations is a companion volume to the DOT.

the number of breaks acceptable in the workplace and the number of absences allowed in competitive employment. That information is not included in the DOT or SCO. If the VE testifies that a particular job can be performed with the limitations identified by the ALJ, then those limitations must be addressed in the DOT or supported by other evidence from the VE. In this case, the VE did not testify live and the ALJ relied solely on the VE's written interrogatory responses. When written interrogatories are used, there is no opportunity for follow-up or discussion about the vocational expert's testimony. Therefore, the case must be remanded to re-examine whether the Commissioner has met her burden at step five to show that Beringer maintains the RFC to perform a significant number of jobs in the national economy. The ALJ must obtain vocational expert testimony either live or in written form that addresses the reasonable basis for the vocational expert's testimony whether based on the DOT or some other source.

The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after addressing the deficiencies noted herein, but the determination is one the Commissioner must make in the first instance. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings). Because Beringer first applied for benefits in 2011 and it is now 2016, the Commissioner is urged to begin proceedings without delay and resolve this case as soon as possible.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Plaintiff seeks in his Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 15, 22.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of March 4, 2014 is **REVERSED** and **REMANDED** to re-examine whether the Commissioner has met its burden at step five to show that Beringer maintains the RFC to perform a significant number of jobs in the national economy. The ALJ must obtain vocational expert testimony, either live or in written form, that addresses the reasonable basis for the vocational expert's testimony whether based on the DOT or some other source.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

Dated this 13th day of September, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE